Battle, J.
 

 It is apparent from the bill of exceptions-, that an error was committed against the defendant, by the unqualified admission in evidence of the letter from the plaintiff to one of his counsel. An attempt seems to have been made to correct that error, but we are unable to discover that it was done so effectually as to remove entirely the prejudice which it was well calculated to create, and no doubt, did create, against the defendant’s cause; and, for that reason, we feel constrained to reverse the judgment and grant a
 
 venire de novo.
 

 In saying that the letter from the plaintiff to his attorney was admitted without qualification, we are not unmindful of
 
 *472
 
 the fact that his counsel contends that it was offered and received in evidence, only for the purpose of showing that it was laid before the board of directors, and thereby proving-a demand made on the -company. It was certainly competent only for that purpose, or to show the pertinency, and explain the meaning of any reply which the defendant, through its officers, may have made to it. See
 
 Overman
 
 v. Clemmons, 2 Dev. and Bat. Rep. 185. But whatever may have been the ground upon which the letter was admitted, the case does not show any restriction, either-in -its reception, or in the use made of it. It is simply stated that it was offered, and, notwithstanding the defendant’s objection, was admitted in evidence, and afterwards thatit was commented upon at length by theplaintiff’sconnsel. Surely, it was error in the Court to permit a letter whicli tended to prove the plaintiff’s whole case, to be thus used, when the only purpose for which it was competent, was the very restricted one of proving a demand made by the plaintiff on the defendant, or of showing the pertinency and meaning of any reply which may have been made to it.
 

 The question remains, was this error cured by the aetion of the Court afterwards? and we think very clearly that it was not. The Court instructed the jury, that “there were no admissions by the defendant, going to show any negligence or liability to the plaintiff in the action.” Well might the Court say that there were no
 
 admissions by the defendant,
 
 for there manifestly were none, but the Court did not go on and say that the plaintiff’s letter was not competent to prove the defendant’s negligence and consequent liability. A vague inference that the Court so intended, may, perhaps, be drawn from the next motion of the plaintiff’s counsel, and the Court’s response to it. After the full comment which the plaintiff’s counsel had made upon the letter, the defendant’s counsel followed by commenting upon certain parts of it. This he clearly had the right to do, notwithstanding his previous objection to the admission of the evidence. It was at this stage of the case that the counsel for the plaintiff called upon the Court to instruct the jury that if defendant’s counsel relied upon
 
 *473
 
 any part of the letter, t'he whole ©f it was competent as evidence for their consideration. Upon an enquiry from the Court, the counsel for the defendant replied thafc-he did rely upon certain parts of it. It will be noticed that the Court had not before, nor did then, inform the counsel that the letter was not fully before the jury as evidence of the truth of its statements; and even., i-f the Court intended, to withdraw the letter, or supposed that it had done so, the counsel was well warranted in the belief that such was not the fact. We cannot impute to the counsel the folly of doing or saying any thing to admit the letter as full evidence in the-cause, after he had objected previously to its admission at all. He must have supposed that it -was already in evidence before the jury, and he only intended to insist -upon his right to make the best use of it he could. If he were mistaken in his supposition, it was a mistake into which the conduct of the presiding Judge had led him by not informing the jury distinctly, that the letter was not evidence before them to prove the truth of the statements which it contained, but, at most, could be used by the plaintiff only to show a demand. The jury were probably misled ■by the course pursued by the Court, and as defendant’s cause may have been prejudiced thereby, the judgment must 'be reversed, and a new trial granted.
 

 Per Curiam,
 

 Judgment reversed.